United States District Court
Southern District of Texas
**ENTERED**
March 25, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AVERY STINSON, ET AL., § | |
|    *Plaintiffs*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-CV-01775 |
| § | |
| UNITED STATES POSTAL SERVICE, ET AL., § | |
|    *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies.[1]  ECF 39.  Defendant seeks to dismiss the claims of the four minor Plaintiffs Nayeli Stinson, Izyana Stinson, Amaziah Stinson, and Shantay Sampson.  Having reviewed the parties' submissions and the law, the Court RECOMMENDS that Defendant's Motion to Dismiss (ECF 39) be GRANTED for the reasons set forth below.

### I. Relevant Background.

This Federal Tort Claims Act (FTCA) case arises out of an accident that occurred on January 5, 2021 between Plaintiff Avery Stinson and a U.S. Postal Service tractor-trailer.  At the time of the accident, Plaintiff was operating a bicycle and was attempting to cross an intersection.  ECF 29 at 1.  At the same time, a U.S.

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 8.

Postal Service tractor-trailer was making a right turn. *Id.* at 2. The bicycle and tractor-trailer collided, and Plaintiff sustained injuries as a result of the accident. *Id.* at 2–3.

Following the accident, Plaintiff Avery Stinson filed an administrative claim with the U.S. Postal Service on June 2, 2021. ECF 33-3. On June 1, 2022, Plaintiff, individually and as next of friend of his minor children Nayeli Stinson, Izyana Stinson, Amaziah Stinson, and Shantay Sampson (the minor Plaintiffs) filed a Complaint for Damages asserting FTCA claims against the U.S. Postal Service, U.S. Trailer Holdings, LLC, and Stewart Gary Henry. ECF 1. The minor Plaintiffs' sought damages for loss of consortium resulting from their father's injuries. *Id.* at 4. Plaintiffs then filed an Amended Complaint for Damages on February 20, 2023 naming the United States of America as the defendant. ECF 29.

On February 5, 2024, Defendant filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies, seeking to dismiss the claims of the four minor Plaintiffs. ECF 39. Plaintiffs did not file a response. Instead, Plaintiffs filed an Unopposed Motion for Voluntary Dismissal of the minor Plaintiffs' claims. ECF 40.

## II.     Legal Standards.

The plaintiff bears the burden of establishing subject matter jurisdiction. *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 388 (5th Cir. 2014). If the plaintiff fails to meet his burden, the case must be dismissed. *Id.* When subject matter

jurisdiction is challenged, the court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has power to hear the case." *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Krim v. Pcorder.com*, 402 F.3d 489, 494 (5th Cir. 2005). The court may consider any of the following in resolving a Rule 12(b)(1) motion: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *see also Schaeffler v. United States*, 889 F.3d 238, 242 (5th Cir. 2018).

### III. Analysis.

Unless waived, the United States enjoys sovereign immunity from lawsuits. *See United States v. Sherwood*, 312 U.S. 584 (1941). The Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity for suits arising from certain torts of federal employees. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217–18 (2008). To maintain an FTCA claim against the United States for the negligent act of one of its employees, a plaintiff must first exhaust his or her administrative remedies by presenting an administrative claim to the responsible federal agency. *McNeil v. United States*, 508 U.S. 106, 107 (1993); *see Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029–30 (5th Cir. 2011) (quoting 28 U.S.C. § 2675(a)). Specifically, 28 U.S.C. § 2675(a) provides:

3

> An action shall not be instituted upon a claim against the United states for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). This exhaustion requirement is a jurisdictional prerequisite to filing suit in federal court. *Life Partners*, 650 F.3d at 1029–30; *see also Jenkins v. TriWest Healthcare Alliance*, No. 22-30429, 2023 WL 1814885, at *1 (5th Cir. Feb. 8, 2023) (quoting *Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019)) ("That exhaustion is a 'jurisdictional prerequisite for FTCA claims that cannot be waived.'"). If a plaintiff cannot show exhaustion, the court lacks subject matter jurisdiction over the FTCA claim. *Jenkins*, 2023 WL 1814885, at *1 ("If a plaintiff cannot show exhaustion, he has not pleaded a federal question.").

In this case, Plaintiff Avery Stinson timely filed an administrative claim with the U.S. Postal Service. ECF 33-3. The administrative claim describes the nature and extent of his injuries, but makes no mention of an injury or claim on behalf of the minor Plaintiffs. Defendant presents the declaration of Kimberly A. Herbst, the Manager of the Tort Program and Adjudication with the U.S. Postal Service, in which she attests that she conducted a search of all available U.S. Postal Service tort

4

claim records and discovered no evidence of an administrative tort claim filed by or on behalf of the four minor Plaintiffs. ECF 33-4. The minor Plaintiffs do not contend that they filed administrative claims. Because the minor Plaintiffs failed to exhaust their administrative remedies, the Court lacks jurisdiction over the minors' claims. Accordingly, the claims of Plaintiffs Nayeli Stinson, Izyana Stinson, Amaziah Stinson, and Shantay Sampson must be dismissed. *See Frizzell v. United States*, No. 5:21-CV-158, 2021 WL 5213032 (N.D. Tex. Nov. 9, 2021) (dismissing minor child's FTCA claim for failure to exhaust where mother's administrative claim made no mention of minor's claim).

## IV.  Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies (ECF 39) be GRANTED and that the claims of Nayeli Stinson, Izyana Stinson, Amaziah Stinson, and Shantay Sampson be dismissed without prejudice for failure to exhaust administrative remedies.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on March 25, 2024, at Houston, Texas.

Christina A. Bryan<br>
United States Magistrate Judge