United States District Court
Southern District of Texas
**ENTERED**
May 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AVERY STINSON, ET AL., | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-01775 |
| | § | |
| UNITED STATES POSTAL SERVICE, ET AL., | § | |
| *Defendants*. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

Before the Court is Defendant's Motion for Summary Judgment.[1]  ECF 41.[2]
Plaintiff filed a response (ECF 51) and Defendant filed a reply (ECF 54).  Having
considered the parties' submissions and the law, the Court RECOMMENDS that
Defendant's Motion for Summary Judgment (ECF 41) be DENIED for the reasons
set forth below.

### I.  Background.

This Federal Tort Claims Act (FTCA) case arises out of an accident that
occurred on January 5, 2021 between Plaintiff Avery Stinson and a U.S. Postal
Service tractor-trailer driven by Stewart Henry.  When the accident occurred,
Plaintiff was operating a bicycle and was attempting to cross an intersection.

---

[1] Defendant filed a combined Motion to Exclude Plaintiffs' Expert and for Summary Judgment.
ECF 41.  The Court addressed Defendant's Motion to Exclude in a separately filed Order.  ECF 64.
[2] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C.
§ 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act,
and Federal Rule of Civil Procedure 72.  ECF 8.

ECF 29 at 1.  At the same time, a U.S. Postal Service tractor-trailer was traveling in the same direction parallel to the sidewalk and initiated a right turn at the same intersection.  *Id.* at 2.  The bicycle collided with the trailer portion of the tractor-trailer, and Plaintiff sustained injuries as a result of the accident.  *Id.* at 2–3.  The parties dispute many of the facts surrounding the accident, as explained below.

Following the accident, Plaintiff filed an administrative claim with the U.S. Postal Service on June 2, 2021.  ECF 33-3.  On June 1, 2022, Plaintiff, individually and as next of friend of his minor children Nayeli Stinson, Izyana Stinson, Amaziah Stinson, and Shantay Sampson (the minor Plaintiffs) filed a Complaint for Damages asserting FTCA claims against the U.S. Postal Service, U.S. Trailer Holdings, LLC, and Stewart Gary Henry.  ECF 1.  The minor Plaintiffs sought damages for loss of consortium resulting from their father's injuries.  *Id.* at 4.  Plaintiffs then filed an Amended Complaint for Damages on February 20, 2023 naming the United States of America as the sole Defendant.  ECF 29.

On February 5, 2024, Defendant filed a Motion to Dismiss for Failure to Exhaust Administrative Remedies, seeking to dismiss the claims of the four minor Plaintiffs.  ECF 39.  The Court issued a Memorandum and Recommendation (M&R) recommending that Defendant's motion be granted and the minor Plaintiffs' claims be dismissed without prejudice for failure to exhaust administrative remedies.

ECF 50.  The District Judge adopted the M&R as the Memorandum and Order of this Court.  ECF 59.

Defendant filed the instant Motion to Exclude Plaintiffs' Expert Dean Nance and for Summary Judgment.  ECF 41.  Plaintiff filed a response (ECF 51) and moved to strike Defendant's filing (ECF 52).  Defendant filed a reply.  ECF 54.  The Court addressed Defendant's arguments for excluding Plaintiff's expert and Plaintiff's Motion to Strike Defendant's filing in separately issued Orders.  ECF 63; ECF 64.

## II.    Summary Judgment Standard.

A party is entitled to summary judgment under Federal Rule of Civil Procedure 56 if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "A fact is material if it might affect the outcome of the suit under the governing law, while a dispute about that fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (internal quotation marks omitted).

The moving party "always bears the initial responsibility of demonstrating the absence of a genuine issue of material fact."  *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (alterations omitted).  When the movant would not bear the burden of persuasion at trial, he may satisfy his initial summary judgment burden "by pointing out that the record contains no support for the non-moving party's

claim." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). If the moving party satisfies his initial burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Jones*, 936 F.3d at 321.

In ruling on a motion for summary judgment, the court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *United States ex rel Johnson v. Raytheon Co.*, 94 F.4th 776, 783 (5th Cir. 2024). Ordinarily, courts may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes, as those are functions of a jury and not those of a judge. *Fleming v. Bayou Steel BD Holdings II L.L.C.*, 83 F.4th 278, 293 (5th Cir. 2023) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). But in a non-jury trial, the judge is the ultimate trier of fact. *Id.* (citing *In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991)). In such cases, the court may grant summary judgment where a trial would not enhance the court's ability to draw inferences and conclusions. *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123–24 (5th Cir. 1978); *Placid Oil*, 932 F.2d at 398. However, the court "must be aware that assessments of credibility come into sharper focus once live witnesses are heard." *Placid Oil*, 932 F.2d at 398.

### III.    Analysis.

Under the FTCA, the Government is liable for the negligence of its employees "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The court looks to the law of the state where the allegedly negligent act or omission occurred to determine Government's liability. 28 U.S.C. §§ 1346(b), 2674; *Kristensen v. United States*, 993 F.3d 363, 368 (5th Cir. 2021). In this case, Texas law governs Plaintiff's claims.

The elements of a negligence claim in Texas are: "(1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022). Texas imposes a duty to act as a reasonably prudent person under same or similar circumstances, considering the reasonably foreseeable risk of injury to another. *Alvis v. United States*, No. 3:14-cv-345, 2016 WL 1732659, at *4 (N.D. Tex. May 2, 2016) (citing *Nw. Mall, Inc. v. Lubri-Lon Int'l, Inc.*, 681 S.W.2d 797, 802 (Tex. App. 1984)). "It is the general duty of every driver to keep h[is] car under control, drive at a reasonable speed, and to keep a lookout for others." *Id.* (citing *Wendelken v. McMurray*, 388 F.2d 553, 556 (5th Cir. 1967)). To establish a breach of duty, the plaintiff must show either that the defendant did something an ordinarily prudent person exercising ordinary care would not have done under the particular circumstances, or that the defendant failed to do something that an ordinarily prudent

person would have done in the exercise of ordinary care. *Douglas v. Aguilar*, 599 S.W.3d 105, 108 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

Defendant moves for summary judgment arguing that "there is no evidence that the USPS driver Stewart Henry was negligent or did anything wrong to cause [Plaintiff]'s accident." ECF 41 at 15. The facts surrounding the accident—particularly who had the right of way and the timing of Plaintiff's entry into the crosswalk compared to the timing of Mr. Henry's right turn—are disputed. Defendant maintains that Mr. Henry had the right-of-way, Plaintiff's bicycle did not leave the sidewalk until after the tractor had cleared the crosswalk and was pulling the trailer through the crosswalk, and therefore Plaintiff was required to yield to Mr. Henry. ECF 41 at 15. Defendant relies on the Crash Report as evidence of the facts asserted above. The Crash Report states in part:

> Unit 1 [the tractor] was pulling Unit 2 [the trailer] and was travelling southbound on the Eastex service road approaching the Aldine Bender Road intersection. The light was red for vehicles traveling southbound on the service road. Unit 3 [Plaintiff] was also traveling southbound on the service road on the sidewalk. Unit 1 [the tractor] made a wide right turn, pulling Unit 2 [the trailer], through a red light onto Aldine Bender Road. Unit 1 [the tractor] was on Aldine Bender Road and Unit 2 [the trailer] was making the turn when Unit 3 [Plaintiff] did not stop at the end of the sidewalk and attempted to stop itself from striking Unit 2 [the trailer] turning the handlebars causing the back 4 tires of Unit 2 [the trailer] to go over the bottom portion of the driver of Unit 3 [Plaintiff]. Unit 3 driver [Plaintiff] was transported with minor injuries to Kingwood Hospital …. Independent Witness Marco Jaimes … stated he was driving behind Unit 1 [the tractor] and Unit 2 [the trailer] on the service road and observe[d] Unit 3 [Plaintiff] driver on the sidewalk

6

and exit the sidewalk attempting to go through the intersection while Unit 1 [the tractor] and Unit 2 [the trailer] was making a right turn.

ECF 41-2 at 2; ECF 51-2 at 3. Defendant also argues that Mr. Henry's testimony—that he could see the sidewalk in his side mirror, checked that mirror before turning, and did not see anyone—is undisputed. ECF 41-1 at 9–10 p. 27, 33. Thus, Defendant argues that undisputed evidence establishes that Mr. Henry was not negligent. ECF 41 at 15; ECF 1, 6.

Plaintiff, however, objects to the admissibility of portions of Henry's deposition testimony and to the admissibility of the Crash Report for truth of the matters asserted in it. ECF 51 at 7. Plaintiff objects to the portions of Henry's deposition testimony which describe Plaintiff's actions and the events that took place prior to and during the collision as not based on personal knowledge. *Id.* Henry testified that he did not see Plaintiff and did not even know the collision occurred until he was flagged down and told his trailer had struck a person on a bicycle. *Id.*; ECF 41-1 at 59–60. For summary judgment purposes, Plaintiff's objection to the portions of Henry's testimony which purport to describe Plaintiff's actions and the collision itself are sustained.

Plaintiff also objects that the police officer's narrative contained in the Crash Report is hearsay to the extent is it offered to prove the truth of the matter asserted. ECF 51 at 7. Portions of police reports "that reflect the officers' first-hand observations based on their investigations and experience are admissible" under the

hearsay exception contained in Federal Rule of Evidence 803(8).  *See Bedford Internet Office Space, LLC v. Travelers Cas. Ins. Co.*, 41 F. Supp. 3d 535, 544 (N.D. Tex. 2014).  However, "[i]nformation not based on the reporting officer's personal knowledge … constitutes hearsay within hearsay and does not fall under the Rule 803(8) hearsay exception." *Sanders v. Sky Transp., LLC*, 569 F. Supp. 3d 455, 458–59 (E.D. Tex. 2021); s*ee Bedford*, 41 F. Supp. 3d at 544 ("Certain information in a police report, however, such as witness statements offered to prove the truth of the matter asserted, are 'hearsay within hearsay' and are inadmissible unless each level of hearsay qualifies under one of the hearsay exceptions.").  The police officer's narrative offered for the truth of the matter asserted is hearsay and not based on the officer's personal knowledge.  Therefore, Plaintiff's objection to the admissibility of those statements for the truth of the matter asserted is sustained.[3]

Even putting aside those evidentiary issues, Plaintiff has submitted evidence demonstrating the existence of a genuine issue of material fact which must be decided at trial.  Specifically, Plaintiff submits a declaration from an eyewitness, Marco Jaimes, which provides in relevant part:

---

[3] The Court notes that Defendant did not address Plaintiff's argument regarding the lack of personal knowledge in portions of Henry's deposition or his argument regarding hearsay in the police officer's narrative portion of the Crash Report, and therefore the Court may consider the issue waived.  *See All About Prop., LLC v. Midland Mortgage*, No. 4:22-CV-1684, 2024 WL 1079226 (S.D. Tex. Feb. 8, 2024) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.")

3. On December 18, 2020, I was driving my car behind an 18-wheeler in the far-right lane of the Eastex Freeway service road heading south toward the intersection of the service road and Aldine Bender Road.

4. As we approached the intersection, the traffic light was green and the 18-wheeler drove straight in his lane into the intersection.

5. At the same time that the 18-wheeler was driving into the intersection, I saw a man riding a bicycle approaching the intersection on the sidewalk that ran parallel to the road I was traveling.

6. I saw the 18-wheeler trying to turn into the farthest (outside) lane of Aldine Bender Road to head west. I saw the truck go over halfway into the intersection before starting to turn right. The 18-wheeler could not veer into the lane next to him before turning because there was traffic in that lane.

7. As the 18-wheeler entered the intersection, I saw the man on the bicycle beside us drive his bike into the area marked for pedestrians to cross the street and head south into the intersection.

8. After getting a little over halfway into the intersection, the 18-wheeler started to turn right into the lane closest to the median on Aldine Bender Road.

9. As the 18-wheeler turned, I saw the trailer being pulled by the truck started coming towards the man riding the bicycle. The man on the bicycle tried to stop quickly to avoid being hit and fell off his bicycle.

ECF 51-5 at 1. This declaration creates a disputed issue of fact as to whether the light was red or green, which is relevant to whether Plaintiff or Mr. Henry had the right of way, and also to the timing of the right turn by Mr. Henry. In addition, Plaintiff has submitted a report from his accident reconstruction expert opining that Plaintiff had the right of way and that Mr. Henry failed to keep a proper lookout. ECF 51-4 at 31–32.

Construing the evidence in the light most favorable to Plaintiff, a reasonable factfinder could find that (1) Henry failed to keep a proper lookout or failed to use

ordinary care in turning at the intersection, (2) the accident could have been avoided with the use of ordinary care, and (3) Henry's failure to keep a proper lookout or failure to use ordinary care proximately caused the accident and Plaintiff's injuries. Accordingly, the evidence creates genuine issues of material fact that preclude summary judgment.

## IV.    Conclusion and Recommendation.

For the reasons stated above, the Court RECOMMENDS that Defendant's Motion for Summary Judgment (ECF 41) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).   Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 14, 2024, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge